DEFENDANT: CAMERON BATTISTE
CASE NUMBER: 1:17-CR-00220(2)

# UNITED STATES DISTRICT COURT
Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br> CAMERON BATTISTE | **JUDGMENT IN A CRIMINAL CASE** <br><br> Case Number: 1:17-CR-00220(2) <br> USM Number: 17352-029 <br><br> Joshua B. Adams <br> Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s)      which was accepted by the court.

☒ was found guilty on count two (2) of the superseding indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §922(g)(1), 18 U.S.C. §924(a)(2) | Felon in Possession of a Firearm | 04/07/2017 | 2 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)      dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

May 23, 2019
Date of Imposition of Judgment

Signature of Judge
Matthew F. Kennelly, United States District Judge

Name and Title of Judge

5-24-2019
Date

Case: 1:17-cr-00220 Document #: 200 Filed: 05/24/19 Page 2 of 9 PageID #:1028
ILND 245B (Rev. 04/19/2019 Judgment in a Criminal Case
Judgment – Page 2 of 6

DEFENDANT: CAMERON BATTISTE
CASE NUMBER: 1:17-CR-00220(2)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Seventy-two (72) months as to count two (2) of the superseding indictment.

☒ The court makes the following recommendations to the Bureau of Prisons: The Court waives costs of imprisonment due to defendant's inability to pay.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at ___ on ___

  ☐ as notified by the United States Marshal.

  ☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2:00 pm on

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows: _____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: CAMERON BATTISTE
CASE NUMBER: 1:17-CR-00220(2)

# MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of:

Three (3) years as to count two (2) of the superseding indictment.

You must report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall not commit another Federal, State, or local crime.

2. The defendant shall not unlawfully possess a controlled substance.

3. The defendant shall cooperate in the collection of a DNA sample at the direction of the probation officer.

4. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests in any one year.

# DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)

**Discretionary Conditions** — The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in **§ 3553(a)(1)** and **(a)(2)(B), (C), and (D);** such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in **§ 3553 (a)(2) (B), (C), and (D);** and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to **28 U.S.C. 994a**. The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall not possess a firearm, ammunition, or a dangerous weapon.

2. The defendant shall report to the probation office in the federal judicial district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

3. During the term of supervised release, the defendant shall report to the probation officer in a manner and frequency directed by the probation officer.

4. The defendant shall not knowingly leave the federal judicial district in which the defendant is being supervised without the permission of the court or probation officer. At the outset of the term of supervision, the probation office shall provide the defendant with a map of the judicial district.

5. The defendant shall permit a probation officer to visit the defendant at any reasonable time at home or any other reasonable location where the probation officer may legitimately enter, by right or consent. The defendant shall permit confiscation of any contraband observed in plain view of the probation officer.

6. The defendant shall answer truthfully any inquiries by the probation officer, subject to any constitutional or other applicable privilege.

7. The defendant shall notify the probation officer within 72 hours after becoming aware of any change or planned change in the defendant's employer, workplace, or residence.

8. The defendant shall notify the probation officer within 72 hours after being arrested, charged with a crime, or questioned by a law enforcement officer.

Case: 1:17-cr-00220 Document #: 200 Filed: 05/24/19 Page 4 of 9 PageID #:1030
ILND 245B (Rev. 04/19/2019 Judgment in a Criminal Case
Judgment – Page 4 of 6

DEFENDANT: CAMERON BATTISTE
CASE NUMBER: 1:17-CR-00220(2)

9. The defendant shall not knowingly meet, communicate, or otherwise interact with a person whom the defendant knows to be engaged, or planning to be engaged, in criminal activity.

10. The defendant shall refrain from excessive use of alcoholic beverages, defined as having a blood alcohol concentration greater than 0.08%, and shall refrain from any use of a controlled substance, as defined in section 102 of the Controlled Substances Act, 21 U.S.C. § 802, without a prescription from a licensed medical practitioner.

11. The defendant shall participate in a substance abuse and alcohol treatment program. The program shall be approved by the probation officer. The defendant shall abide by the rules and regulations of the program. The program may include testing, up to a maximum of 104 tests per year, to determine the defendant's compliance with the requirements of the program. The probation officer, in consultation with the treatment provider, shall supervise the defendant's participation in the program (provider, location, duration, intensity, etc.).

## SPECIAL CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. 3563(b)(22) and 3583(d)

The court imposes those conditions identified below:

**During the term of supervised release:**

1. The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the prior permission of the court.

2. If the defendant has not obtained a General Educational Development (GED) certificate while imprisoned, the defendant shall participate in a GED preparation course at the direction of the probation officer and shall attempt to obtain a GED within the first year of supervision.

3. If the defendant is not gainfully employed, the defendant shall conscientiously seek lawful employment or pursue a course of study or vocational training that will equip him for employment.

4. If the defendant is not gainfully employed after the first 60 days of supervision, or for any 60 day period during the term of supervision, the defendant shall perform 10 hours of community service per week at the direction of the probation officer until he is gainfully employed at lawful employment. The total amount of community service shall not exceed 200 hours over the term of supervision.

5. The defendant shall observe two sessions of Reentry Court at the direction of the probation officer.

6. Any costs of supervision are waived due to defendant's inability to pay.

Case: 1:17-cr-00220 Document #: 200 Filed: 05/24/19 Page 5 of 9 PageID #:1031
ILND 245B (Rev. 04/19/2019 Judgment in a Criminal Case
Judgment – Page 5 of 6

DEFENDANT: CAMERON BATTISTE
CASE NUMBER: 1:17-CR-00220(2)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $100.00 | $.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until       . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the       .

   ☐ the interest requirement for the       is modified as follows:

☐ The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
* Findings for the total amount of losses are required under **Chapters 109A, 110, 110A, and 113A of Title 18** for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: CAMERON BATTISTE
CASE NUMBER: 1:17-CR-00220(2)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $100.00 due immediately.

    ☐ balance due not later than , or

    ☐ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal (*e.g. weekly, monthly, quarterly*) installments of $ over a period of (*e.g., months or years*), to commence (*e.g., 30 or 60 days*) after the date of this judgment; or

**D** ☐ Payment in equal (*e.g. weekly, monthly, quarterly*) installments of $ over a period of (*e.g., months or years*), to commence (*e.g., 30 or 60 days*) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within (*e.g., 30 or 60 days*) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

**Case Number**     **Total Amount**     **Joint and Several**     **Corresponding Payee, if**
**Defendant and Co-Defendant Names**     **Amount**     **Appropriate**
**(including defendant number)**

\*\*See above for Defendant and Co-Defendant Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.\*\*

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: See attached preliminary order of forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court cost



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 17 CR 220-2 |
| v. ) | |
| ) | Judge Matthew F. Kennelly |
| CAMERON BATTISTE ) | |

## PRELIMINARY ORDER OF FORFEITURE

The United States asks this Court to issue a preliminary order of forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2.

a) On December 14, 2017, a superseding indictment was returned charging defendant CAMERON BATTISTE in Count Two with felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1). R. 69. The indictment sought forfeiture to the United States of all right, title, and interest the defendant may have in any property involved in the charged offense.

b) Beginning on February 11, 2019, a jury trial was held before this Court. R. 172.

c) On February 13, 2019, the jury returned a verdict of guilty against defendant CAMERON BATTISTE as to Count Two of the superseding indictment, thereby making the property named in the superseding indictment subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1). R. 179.

d) Defendant CAMERON BATTISTE waived his right to have the forfeiture allegations in the superseding indictment considered by the jury. It was agreed instead that this Court would consider the issues relating to the forfeiture. R. 176.

e) Because of the defendant's conviction of the above violation, a Smith & Wesson, M&P-15 Sport II CA assault rifle, bearing serial number TE38718; a Smith & Wesson, Model SDV9E 9 mm pistol bearing serial number FYJ7552; and associated ammunition are subject to forfeiture pursuant to the provisions of 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c). Section 924(d)(1) to Title 18 provides, in part:

> (d)(1) Any firearm or ammunition involved in or used in any knowing violation of [the offense of possessing a firearm after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year;]...shall be subject to seizure and forfeiture, as the result of such violation.

f) The United States requests that this Court enter a preliminary order of forfeiture against defendant CAMERON BATTISTE as to the foregoing property, because the property was involved in and used in the offense of conviction charged in the indictment.

g) Accordingly, this Court orders that a preliminary order of forfeiture be entered against defendant CAMERON BATTISTE as to the foregoing firearms and ammunition. Pursuant to Title 18, United States Code, Section 924(d)(1) and Fed. R. Crim. P. 32.2, all right, title, and interest of the defendant in the foregoing firearms and ammunition named in this order shall be forfeited to the United States for disposition according to law.

h) Pursuant to Title 18, United States Code, Section 924(d)(1) and Fed. R. Crim. P. 32.2, the terms and conditions of this preliminary order of forfeiture shall be made part of the sentence imposed against the defendant and recited in any judgment and commitment order entered in the case. In accordance with Rule 32.2(b)(4)(A), at sentencing - or at any time before sentencing if the defendant consents - the preliminary order of forfeiture will become final as to the defendant. Pursuant to Rule 32.2(c), if a third party files a petition asserting an interest in the property to be forfeited, this Court must hold a hearing to determine his rights. Pursuant to Title

21, United States Code, Section 853(n)(2), as incorporated by Title 28, United States Code, Section 2461(c), third parties have thirty days from the publication of notice or receipt of notice, whichever is earlier, to file a petition. The preliminary order of forfeiture will remain preliminary as to third parties until such an ancillary proceeding, if required, can be conducted under Rule 32.2(c). After disposition of all third party interests, this Court shall, upon the government's motion if appropriate, enter a final order of forfeiture of the property that is the subject of this preliminary order of forfeiture, thereby vesting clear title in the United States of America. In the alternative, the government may seek entry of turnover order in lieu of a final order of forfeiture, to allow for the return of the subject property to its rightful owner.

i) Pursuant to Title 21, United States Code, Section 853(g), as incorporated by Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, the foregoing property shall upon entry of this preliminary order of forfeiture be seized by the Federal Bureau of Investigation.

j) This Court shall retain jurisdiction to take such additional action and enter such further orders as may be necessary to implement and enforce this preliminary forfeiture order.

MATTHEW F. KENNELLY
United States District Judge

DATED: 5-23-2019

3